Filed 2/23/24  P. v. Sanchez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR LOPEZ SANCHEZ,<br><br>    Defendant and Appellant. | D083028<br><br><br>(Super. Ct. No. RIF1600163) |

APPEAL from a judgment of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Jeanine Grimmond Strong for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Victor Lopez Sanchez appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Sanchez filed a supplemental brief.  We grant counsel's request to take judicial notice of our decision in appeal No. D073727 and the jury

_____

[1]    All further statutory references are to the Penal Code unless indicated otherwise.

instructions and the verdict forms from Sanchez's record of conviction. (Evid. Code, §§ 452, subd. (c), 459.) Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a jury found Sanchez guilty of inflicting corporal injury upon a spouse (§ 273.5, subd. (a); counts 1 & 2); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 3); attempted voluntary manslaughter, as a lesser included offense of attempted murder (§§ 192, subd. (a), 664; count 4); assault with a firearm (§ 245, subd. (a)(2); count 5); discharging a firearm at an occupied vehicle (§ 246; count 6); using force or threat of force to dissuade a witness from reporting a suspected crime to law enforcement (§ 136.1, subds. (b) & (c); counts 7 & 9); making criminal threats (§ 422; counts 8 & 10); discharging a firearm at an inhabited dwelling (§ 246; count 11); intentionally and knowingly violating a court-issued domestic violence protective order (§ 273.6, subd. (a); count 12); possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 13); and possessing controlled substance paraphernalia (Health & Saf. Code, § 11364; count 14). As to counts 1 and 2, the jury found true allegations Sanchez personally inflicted great bodily injury (§§ 1192.7, subd. (c)(8), 12022.7, subd. (e)). As to counts 4, 6, and 11, the jury found true allegations he personally used a firearm (§§ 1192.7, subd. (c)(8); 12022.53, subd. (c).) Sanchez separately admitted allegations he had two prior convictions, which qualified as both prior serious felony convictions and prior strike convictions (§§ 667, subds. (a), (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A).) He also admitted he was released on bail when he committed the offense of discharging a firearm at an inhabited dwelling (§ 12022.1).

Sanchez was sentenced to a total prison term of 38 years four months for the felony counts, and a total consecutive jail term of two years six months for the misdemeanor counts.

In the direct appeal, this court reversed the judgment as to his conviction for discharging a firearm at an inhabited dwelling, remanded the matter for further proceedings, but affirmed the judgment in all other respects. (*People v. Sanchez* (Aug. 28, 2018, D073727) [nonpub. opn.].) On remand, Sanchez was resentenced to a total prison term of 35 years six months.

On September 26, 2022, Sanchez filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] Counsel was appointed and filed a brief in support of resentencing. In response, the People filed a "Request for Judicial Notice of Materials Re Latent Defects in Penal Code § 1172.6 Petition for Resentencing", requesting the court take judicial notice of the jury instructions, the opinion in the direct appeal, and the entire court file from the original case. Counsel for Sanchez filed a reply, contending the absence of jury instructions at Sanchez's trial on the felony murder rule or the natural and probable consequences doctrine should not preclude him from section 1172.6 relief at the prima facie stage.

After a hearing, the superior court found Sanchez failed to state a prima facie case for relief and denied the petition. Based on the record of conviction, including the jury instructions, the court concluded there was "no instruction that could have allowed an improper conclusion of guilt[.]"

---

[2]     Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

3

Sanchez's appellate counsel has filed a brief raising no issues and requesting this court proceed pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. In its brief, counsel identifies the following issue to assist the court in its search of the record for error:  Although section 1172.6, subdivision (a) limits resentencing relief to convictions for murder, attempted murder, and manslaughter, should the statute be interpreted to include attempted manslaughter?

In his supplemental brief, Sanchez contends he is eligible for resentencing because his conviction for attempted voluntary manslaughter shows he did not act with the requisite malice.

We conclude Sanchez is ineligible for resentencing under section 1172.6 as a matter of law and no prima facie showing can be made, because Sanchez was not convicted of a crime enumerated in section 1172.6, subdivision (a). The amendments enacted by Senate Bill No. 775 (2020–2021 Reg. Sess.) limited resentencing to petitioners convicted after trial of murder, attempted murder, and voluntary manslaughter, subject to certain express requirements.  The Legislature did not include attempted manslaughter within those provisions.  " '[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes.' " (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) "Where, as here, the Legislature makes express statutory distinctions, 'we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended . . . [W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.' " (*People v. Connor* (2004) 115 Cal.App.4th 669, 691.)

4

Even if Sanchez's conviction for attempted voluntary manslaughter was within the provisions of section 1172.6, he would still be ineligible for resentencing. During his trial, the jury was not instructed on the felony-murder rule, the natural and probable consequences doctrine, principals and accomplices, aiding and abetting, conspiracy, or any theory of imputed malice. Instead, the jury was instructed under CALCRIM No's. 600 and 603, which required the jury to find he acted with the intent to kill. Sanchez is thus ineligible for relief under section 1172.6 as a matter of law, because the jury was not instructed on any theory of liability for attempted voluntary manslaughter in which malice could be imputed solely based on his participation in a crime. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Offley* (2020) 48 Cal.App.5th 588, 599; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)

Accordingly, based on our independent review of the record, we have not discovered any arguable issues for reversal on appeal.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

KELETY, J.

5